# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES L. ORRINGTON, II, DDS, PC, G. NEIL GARRETT, DDS, PC, JERRY SPYRATOS, DDS & GARY M. DONG, DDS. on behalf of plaintiffs and a class, | ) ) ) ) ) ) | |
| | ) | 12 CV 8796 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Honorable Judge Shah Magistrate Judge Kim |
| HIOSSEN, INC., and JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) | |

## FINAL APPROVAL ORDER

This matter coming before the Court for Final Approval, the Court having considered Plaintiffs James L. Orrington, II, DDS, P.C., G. Neil Garrett, DDS, Jerry Spyratos, DDS and Gary M. Dong, DDS ("Plaintiffs") Unopposed Motion for Final Approval of the Class Action Settlement Agreement, and after hearing argument of the parties and affording any Class Members present the opportunity to present argument to the Court at the Final Approval Hearing held on August 26, 2014 at 10:00 a.m., and having been fully advised in the premises;

IT IS HEREBY ORDERED:

1. The Court finds that notice was issued to the Class in accordance with the terms of the Settlement Agreement and as ordered and approved by the Court in the Preliminary approval order entered on April 22, 2014. The Court further finds that the notice was the best practicable notice under the circumstances.

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Court

1

finds no objections were received to the Settlement Agreement. No persons/entities have opted out of the settlement.

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and the Court's findings in the preliminary approval order, the Court hereby finally certifies the following class (the "Settlement Class"):

> (a) all persons and entities (b) to whom, during 2012, (c) Hiossen, Inc., or a third party acting on Hiossen, Inc.'s behalf, transmitted or attempted to transmit unsolicited facsimile advertisements.

4. The Court finds that certification of the Settlement Class, is appropriate in that (a) the Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiffs James L. Orrington, II, DDS, P.C., G. Neil Garrett, DDS, and Dong & Spyratos' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

5. The Court appointed the Plaintiffs as the Representatives of the Class and finds that they meet the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

6. The Court appointed the following attorneys as Class Counsel, and finds that they meet the requirements of Rule 23(g) of the Federal Rule of Civil Procedure:

> Daniel A. Edelman
> Cathleen M. Combs
> James O. Latturner
> Dulijaza (Julie) Clark
> Edelman Combs Latturner & Goodwin, LLC
> 120 South LaSalle Street, 18th Floor
> Chicago, IL 60603

7. The Court finds notice of the settlement has been given to the appropriate state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. §1715.

8. In evaluating whether the settlement is fair and reasonable to the Class the Court considered the following factors, among others: the likelihood of success by Plaintiffs and the Class on the merits and on class certification; the range of actual damages claimed by the Class; the complexity, expense and duration of the litigation; the stage of the litigation at which the settlement was reached; the amount and substance of any opposition to the settlement; and the

memorandum and exhibits thereto in support of final approval. After consideration of the aforementioned factors and others, and after notice to the Class of the proposed settlement and a hearing on final approval, the Court finds that the settlement is fair, adequate and reasonable and in the best interests of the Class. The Settlement Agreement is hereby approved and the Parties are ordered to proceed to consummate the settlement in accordance with the terms and provisions of the settlement agreement.

9. All members of Settlement Class who have not opted out of the Settlement provide the release to Defendant and others as specified in Par. 8 of the Settlement Agreement and such persons or entities are released from the aforementioned claims of the Class Members who have not opted out of the settlement.

10. The Court awards attorney's fees and costs to Class Counsel in the amount of $83,787.89. This amount shall be paid in accordance with the terms of the Settlement Agreement.

11. The Court awards an incentive award in the amount of $5,000.00 to James L. Orrington, D.D.S., P.C. for its service as class representative on behalf of the Class. This amount shall be paid in accordance with the terms of the Settlement Agreement.

12. The Court awards an incentive award in the amount of $1,500.00 to G. Neil Garrett, DDS for its service as class representative on behalf of the Class. This amount shall be paid in accordance with the terms of the Settlement Agreement.

13. The Court awards an incentive award in the amount of $1,500.00 to Jerry Spyratos, DDS and Gary M. Dong, DDS for their service as class representatives on behalf of the Class. This amount shall be paid in accordance with the terms of the Settlement Agreement.

14. If after payment of all amounts in accordance with the terms of the Settlement Agreement, there are funds remaining from the settlement payment made by Defendant, the Defendant shall appoint, upon approval from the Court, a *cy pres* charitable organization to be awarded the remaining settlement funds.

15. The Court hereby dismisses the action against Defendant with prejudice and without costs, and the releases specified in the Settlement Agreement are hereby approved and the claims released pursuant to those provisions are released and discharged as of the Effective Date as defined in the Settlement Agreement. The Parties are ordered to take all necessary

actions to complete the Settlement in accordance with the Settlement Agreement and shall comply with the terms of the Settlement Agreement.

                                          ENTER:

Date: 8/26/14                        _____
                                          Hon. Manish S. Shah, United States District Judge